# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

JEAN CARLOS BENÍTEZ-MELÉNDEZ,

**Defendant.**

Case No. 3:17-cr-00566-1 **(FAB)**

## FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION #1**
Court Instructions to the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial, it's my duty to give you the final instructions as to the law that is applicable to this case.

All of the instructions of law given to you by the Court B those given to you at the beginning of the trial, those given to you during the trial, and these final instructions B must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions given by the Court and to apply those rules of law to the facts as you find them to be from the evidence received during the trial.

During their closing arguments, counsel will refer to some of the applicable rules of law. It is quite proper that they do so. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any view or opinion of the law other than that given in these instructions, just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions.

**JURY INSTRUCTION #2**
Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality.   It is a matter of the utmost importance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you had the benefit of that presumption throughout the trial, and you are not to convict him of the charges against him unless you are persuaded of his guilt beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.   The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.   This burden never shifts to the defendant.   It is always the government's burden to prove each element of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.   The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against him.

If after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of the crimes of which he has been accused, it is your duty to acquit him of those crimes.   On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of the crimes of which he has been accused, you should vote to convict him.

**JURY INSTRUCTION #3**
What is Evidence; Inferences

I have mentioned the word "evidence." Evidence includes the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, and the exhibits that have been received into evidence, regardless of who presented them.

Although you may only consider the evidence presented in the case, you are not limited, when considering that evidence, to the bald statements made by the witnesses or what is contained in the documents or other exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are presented. You are permitted to draw from facts that you find to have been proven any reasonable inference that you believe is justified in light of your common sense and personal experience.

**JURY INSTRUCTION #4**
Kinds of Evidence:   Direct and Circumstantial

There are two kinds of evidence:   direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did or felt.   Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.   I'll repeat the example I gave you at the beginning of the trial.   Suppose you wake up one morning and see that it is a bright and sunny day.   When you go out to get the newspaper, however, you notice that the street and the sidewalk are wet.   From those facts, you may *infer* another fact, that it rained during the night.   You are entitled to consider both kinds of evidence, direct and circumstantial.   The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION #5**
Credibility of Witnesses

You do not have to accept the testimony of any witness if you find the witness not credible; you may believe all of the witness' testimony, some of it or none of it. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing on your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness, or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other fact or circumstance disclosed by the evidence that tends to corroborate or contradict the witnesses= versions of the events.

## JURY INSTRUCTION #6
What is Not Evidence

Certain things are not evidence.  These are:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, it is your memory of the facts that controls.

2.      Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.   You must not consider those items.

4.      Anything you may have seen or heard when the court was not in session is not evidence, even if said by one of the witnesses.   You are to decide the case solely on the evidence received at trial.

5.      The Indictment is not evidence.  This case, like most criminal cases, began with an Indictment.   You will have the Indictment with you in the course of your deliberations in the jury room.   The Indictment was returned by a grand jury, which heard only the government=s side of the case.   I caution you again that the fact that the defendant has had an Indictment filed against him is no evidence whatsoever of his guilt.   The Indictment is simply an accusation.   It is the means by which the allegations and charges of the government are brought before this court.

**JURY INSTRUCTION #7**
Testing Procedures

You may make reasonable inferences from the fact that certain tests were not conducted, or that certain investigative techniques were not used. Any such inferences, however, should not be based on unfounded speculation or conjecture about what the results of such tests or techniques might have been. There is no legal requirement that the government use any specific investigative tests or techniques or all possible tests or techniques to prove its case. Your concern is to determine whether the evidence admitted during this trial proves the defendant's guilty beyond a reasonable doubt.

**JURY INSTRUCTION #8**
Judge's Questions

Do not assume that anything I may have done or said during the trial means that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial, and arrive at your own finding of the facts.

No statement, remark or comment which I may make during the course of the trial and even during my reading of these instructions is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts.

At times I asked questions to some witnesses. Do not assume I had any opinion on the matters to which my questions were related. I might have asked a question to clarify some fact, and not in any way to indicate my opinion about the facts or to point to the weight of the evidence. You are the ones who are going to decide this case.

**JURY INSTRUCTION #9**
Defendant's Constitutional Right Not to Testify

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**JURY INSTRUCTION #10**
Essential Elements of the Crimes

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case.

1.     In Count ONE of the Indictment, the defendant is charged with possessing firearms and ammunition, on or about November 2, 2017, in or affecting interstate commerce, after being convicted in a court of a crime punishable by imprisonment for more than one year.   It is against federal law to possess a firearm or ammunition, in and affecting interstate commerce, after being convicted in a court of a crime punishable by imprisonment for more than one year.   For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of these things beyond a reasonable doubt:

First, that the defendant has been convicted in any court of at least one crime punishable by imprisonment for more than one year; and

Second, that the defendant knowingly possessed the firearms or the ammunition described in the Indictment, in or affecting commerce, on or about November 2, 2017.

Although you must unanimously find that the defendant possessed a firearm or a round of ammunition to convict him of the offense charged in Count One of the indictment, you need not reach unanimous agreement as to which firearm or round of ammunition he possessed.

Third, that the firearms or rounds of ammunition are connected with interstate or foreign commerce.   This means that the firearms or rounds of ammunition, at any time after their manufacture, moved from one state to another or from a foreign country into the United States.

The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearms or the rounds of ammunition.

The government does not have to prove that the defendant knew that his conduct was illegal.

The government and the defendant have stipulated that the firearms and ammunition had to have been shipped or transported in interstate or foreign commerce in order to be introduced into Puerto Rico.   The fact should be accepted as true and correct, to be given whatever weight you choose.

2.      In Count TWO of the Indictment, the defendant is charged with possessing a machinegun.   It is against federal law to possess a machinegun.   For you to find the defendant guilty of this crime, you must be satisfied that the government has proven beyond a reasonable doubt:

First, that the defendant knowingly possessed the machinegun described in the Indictment; and

Second, that the defendant had knowledge of the characteristics that made the weapon a machinegun.

The government and the defendant have stipulated that the M-16 type rifle, .223 caliber, with the word "PATRIOT" and the number 7075-T6 engraved in the receiver is a machine gun as the term "machine gun" is defined by federal law.   This fact should be accepted as true and correct, to be given whatever weight you choose.

## JURY INSTRUCTION #11
Definitions

*or the ammunition*

"Connected with interstate commerce" means that the firearm *or the ammunition* at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm *or the ammunition* .

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

A "machinegun" is any weapon that shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

A "trigger" is any mechanism used to initiate the firing sequence.

The term "machinegun" also includes the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or conduct.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

Possession can be either actual or constructive. Actual possession exists when the defendant is in immediate possession or control of the object. Constructive possession exists when the defendant does not have actual control, but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others, or has dominion over premises were the object was found.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.

Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession and actual as well as constructive possession.

## JURY INSTRUCTION #12
Flight as Consciousness of Guilt

Efforts by a defendant to evade the police or flee from the scene of a possible crime after being confronted by the police may be considered by you as consciousness of guilt in the light of all other evidence in the case. The burden is upon the government to prove that the defendant attempted to flee or evade the police. Efforts to flee from a crime scene or after being confronted by the police by a person accused of a crime is not alone sufficient to conclude that he is guilty. Flight does not create a presumption of guilt. At most, it may provide the basis for an inference of consciousness of guilt. But flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. In your consideration of the evidence of flight, you should consider that there may be reasons for defendant=s actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

**JURY INSTRUCTION #13**
"On or About" Explained

The Indictment charges that the offenses charged were committed "on or about" November 2, 2017.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

**JURY INSTRUCTION #14**
Stipulations

The evidence includes facts to which the lawyers have agreed or stipulated.   A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.   Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

**JURY INSTRUCTION #15**
Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.   Nothing that I have said or done, however, is intended to suggest what your verdict should be; that is entirely for you to decide.

## JURY INSTRUCTION #16
Duty to Deliberate

Any verdict must represent the considered judgment of each one of you. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember that at all times you are not partisans. You are judges B judges of the facts. Your sole interest is to determine from the evidence in this case whether the Government has proven its case beyond a reasonable doubt.

**JURY INSTRUCTION #17**
Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the court security officer, signed by your foreperson or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.   Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**JURY INSTRUCTION #18**
Communication About the Case

During your deliberations, you must not communicate with, or provide any information to, anyone about this case by any means. You may not use any electronic device or medium, such as the telephone, a cell phone, a smart phone, an iPhone, a Blackberry or a computer, the internet, any internet service, any text or instant messaging service, or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, Instagram, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. Please inform me immediately if you become aware of another juror's violation of these instructions.

You may not use any electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**JURY INSTRUCTION #19**
Return of Verdict Form

Upon retiring to the jury room you should first select one member of the jury to act as your foreperson to preside over the deliberations and to be your spokesperson here in court.

I want to read to you now what is called the verdict.   This is simply the written notice of the decisions you will reach in this case.

[Read Verdict form]

After you have reached a unanimous verdict, your foreperson will fill in the verdict form, sign and date it.   You will then advise the court security officer outside your door that you are ready to return to the courtroom.   After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.